*178 OPINION.
Maequette :
The only question presented by the record in this proceeding is whether the petitioner’s profits tax for the year 1919 *179 should be computed with reference to invested capital or under section 328 of the Revenue Act of 1918. The petitioner claims that in 1919 its invested capital was at least $155,274 and the respondent contends that the invested capital is impossible of ascertainment.
The evidence establishes to our satisfaction that on February 3, 1906, the McGrath family conveyed to the petitioner in exchange for the petitioner’s capital stock, 945 acres of land which had an actual cash value on that date of at least $108,500 and personal property of the actual cash value of $25,000. The value of the land is established by the testimony of four witnesses who were familiar with the land at the time the petitioner acquired it and with other land in the vicinity thereof. Their opinions as to the value of the land are substantiated and strengthened by the sale of part of the same land made shortly before February 3, 1906, and by sales of other land in the vicinity made at or about that time. The values we have adopted are those testified to by W. J. McGrath, one of the petitioner’s stockholders, and they are less than the value placed on the property by the other and disinterested witnesses. As to the land purchased by the petitioner subsequent to February 3, 1906, the amounts paid therefor are clearly established by the evidence and are not disputed. That land was not paid in for stock nor does the evidence indicate that the purchase price was advanced by the stockholders, and we may assume that it was acquired out of earnings. We are also satisfied from the evidence that the live stock, farming-equipment, etc., conveyed to the petitioner on February 3, 1906, had an actual cash value of $25,000.
It therefore appears that the petitioner in exchange for its capital stock acquired land and live stock and equipment of the actual cash value of $133,500, and that it subsequently purchased additional land at a cost of $27,000. All of this land was still held and was owned by the petitioner in 1919 and the evidence shows that it also had in 1919 live stock and equipment of the same kind and in approximately the same amount as that which it had acquired in 1906. While it is true that the petitioner kept no books of account showing its capital investment, we are convinced that there were either paid in to the petitioner, or purchased by it from earnings, assets of the value or cost of $160,500, which amount, less the indebtedness of $16,000 existing December 31, 1918, it is entitled to include in its invested capital for 1919.
Judgment will be entered on 15 days’ notice, under Rule 50.